# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF | CIVIL ACTION |
| JAY BERTHELOT | NO. 23-cv-179-SDD-RLB |

and

| | |
|---|---|
| IN THE MATTER OF | MISC. ACTION |
| JAY BERTHELOT | NO. 23-mc-54-SDD-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 28, 2023.

                                                                                    **RICHARD L. BOURGEOIS, JR.**
                                                                                    **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF | CIVIL ACTION |
| JAY BERTHELOT | NO. 23-cv-179-SDD-RLB |
| and | |
| IN THE MATTER OF | MISC. ACTION |
| JAY BERTHELOT | NO. 23-mc-54-SDD-RLB |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are the Complaints filed in Civil Action No. 23-179 and Miscellaneous Case No. 23-mc-54 by Plaintiff Jay Berthelot ("Plaintiff"), who is proceeding *pro se*. These cases were consolidated on April 10, 2023. (R. Doc. 6). Since his original filings, Plaintiff has filed additional documents in both cases, which are also before the Court.

Also before the Court is Plaintiff's Notice of Motion and Motion to Intervene (R. Doc. 3) as well as Plaintiff's "Notice of Special Appearance & Foreign Actors Liability MOTION/Mandate to Dismiss Petition for Leave of the Court." ("Motion to Dismiss"). (R. Doc. 7).

**I.   Background**

    **A.   Civil Action No. 23-cv-179**

On March 8, 2023, Plaintiff filed a Complaint requesting the Court to "order[] [his] subrogation rights" as relief "of subrogation from [a]dhesion of [c]ontract under coercion and deceit." (R. Doc. 1 at 4,5). The Complaint does not name a defendant, attach the referenced "adhesion contract," or make clear his subrogation rights. Nevertheless, Plaintiff asserts that this Court has federal question jurisdiction pursuant to the Trust Indenture Act of 1939, "PublicLaw-10-CH-8-STAT-48-112-1," 12 CFR § 102.13, "U.S. Constitution Article 3 Section 2 § 1, Article

1 Section 10;" and the Powers of Appointment Act-1951." (R. Doc. 1 at 3). Plaintiff further asserts that the amount in controversy is $95,000,000. (R. Doc. 1 at 4).

On March 29, 2023, Plaintiff filed a "Motion to Intervene with an Injunction, Plaintiff's Complaint for: Lack of Standing to Foreclose, Breach of Contract, Quiet Title, Temporary Restraining Order/Injunctive Relief, Lis Pendens, Application for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief, and Temporary Restraining Order" ("Amended Complaint"). (R. Doc. 3). The document appears to be an amended complaint that names the following defendants: Platinum Mortgage, Inc, Wells Fargo Bank, NA, Ginnie Mae, Mortgage Electronic Registration Services, Inc., Servicer (an unidentified corporation), and Depositor (an unidentified corporation). (R. Doc. 3 at 10). Because *pro se se* litigants are to be held "to less stringent standards than formal pleadings drafted by lawyers," the Court accepts the document as Plaintiff's Amended Complaint. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *SEC v. AMX, Int'l, Inc.,* 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively").

The Amended Complaint alleges that Plaintiff seeks declaratory judgment, injunctive and equitable relief, compensatory, special, general, and punitive damages. (R. Doc. 3 at 11). Plaintiff further asserts the following causes of action: (1) lack of standing/wrongful foreclosure; (2) breach of contract; (3) quiet title; (4) temporary restraining order/injunctive relief; and (5) declaratory relief.

Plaintiff alleges that on August 19, 2016, Plaintiff executed a note in favor of Platinum Mortgage, Inc. for $234,000 (the "Note") to secure property described as 356 Devon Dr. Mandeville, LA 70448 (the "Property"). (R. Doc. 3 at 15). Plaintiff also "pledged a Constructive

Deed of Trust" ("Deed of Trust"), which grants him legal title.[1] The Deed of Trust was filed in St. Tammany Parish on August 23, 2016. (R. Doc. 3 at 15).

The bulk of Plaintiff's Amended Complaint contains copy and paste allegations that were asserted in several *pro se* cases across the country (including this district) in which the plaintiffs, chiefly, sought a judgment declaring that the defendants have no interest in property owned by the plaintiffs. *See e.g., Berry v. LoanCity,* No. CV 18-888-JWD-RLB, 2019 WL 4455998, at *1 (M.D. La. Aug. 30, 2019); *Darrell Berry, et al v. Wells Fargo Bank, N.A., et al.,* No. 22-889-JWD-RLB, 2023 WL 5230826, at *22 (M.D. La. July 26, 2003); *Baker v. CitiMortgage,* No. 17-CV-02271, 2018 WL 1838060, at *1-9 (D. Minn. April 18, 2018); *Moore v. Homebanc Mortgage Corp.,* No. 1:17-cv-919-MHC-JKL, 2017 WL 8218977, at *1-4 (N.D. Georgia April 20, 2017); *Ridley v. Bank of America,* No. 1:14-cv-315, 2015 WL 11109363, at *1-7 (E.D. Tenn. August 11, 2015).

On May 2, 2023, Plaintiff filed the instant Motion to Dismiss "demand[ing] dismissal of this case immediately with prejudice" for "lack of Personal and Subject Matter jurisdiction, and for the Cause of Fraud and swindle upon the court by actors." (R. Doc. 7 at 2, 14).

On May 3, 2023, Plaintiff appeared for a status conference before the undersigned. (R. Doc. 8). When asked to specify the relief that Plaintiff seeks from this Court, Plaintiff stated that he wished for the "beneficiaries to be made whole." Plaintiff stated that the beneficiary is "in the name ALL CAPS." Plaintiff further argues that the United States is responsible for all debts against him, including the Note. Plaintiff stated that the property that secures the Note is located in St. Tammany Parish, which is not within the jurisdiction of this Court. Plaintiff, however, stated that the Eastern District of Louisiana (which would be the proper venue) "would not

---

[1] Plaintiff interchangeably refers to the Deed of Trust as the mortgage. (*See* R. Doc. 3-5 at 3).

recognize him or allow him to open any actions." Lastly, Plaintiff stated that he is not a United States citizen.

B.     **Miscellaneous Action No. 23-mc-54**

On March 14, 2023, Plaintiff filed various miscellaneous notices, including the following: Mortgage Loan Accounting to Freedom Mortgage Corporation; Formal Challenge to the Twelve Presumptions of Law; Statement of Claim and Privilege; Acknowledgement/Acceptance of Deed; Status Corrections File; Equitable Interest; Revocation of Implied License; Private Registered Notice Surety/Subrogee; Affidavit of Joseph R. Esquivel; Acceptance of Living Man; Acceptance of the 10 Maximums of Law; Acceptance of the 7 Demands for Discover; Acceptance of the 20 Maxims of Equity; Acceptance of 28 U.S.C. § 453; Acceptance of the Notice of Claim of Damages/Transgression Fee Schedule; Counter Offer on Deficiency Notice; Registered Mail Receipt; Acceptance of Rebuttal of the Twelve Presumptions of Court; and Cancellation of All Prior Powers of Attorney. (R. Docs. 2-10, 12).

These filings appear to be Plaintiff's attempt to record deeds, stipulations, declarations, fee notices, and affidavits regarding his debts and property.

II.    **Law and Analysis**

"[D]istrict courts have the inherent authority to screen a pleading for frivolousness and may dismiss *sua sponte* claims that are 'totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion' because such claims lack the 'legal plausibility necessary to invoke federal subject matter jurisdiction.'" *Apple v. Glenn,* 183 F.3d 477, 79-80 (6th Cir. 1999) (citing *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974)). This inherent power applies even when the plaintiff is not incarcerated and/or has paid a filing fee. *See Doe v. City of Baton Rouge*, No. 20-514, 2021 WL 304392, at *2 (M.D. La. Jan. 29, 2021) ("[R]egardless of whether Plaintiff were to pay the filing fee, this Court has the inherent power to screen a pleading for

frivolousness."). *Doe v. City of Baton Rouge, Louisiana*, 143 S. Ct. 376 (2022). The Fifth Circuit has recently affirmed that "[s]ome claims are 'so insubstantial, implausible…or otherwise completely devoid of merit as not to involve a federal controversy.'" *Atakapa Indian de Creole Nation v. Louisiana,* 943 F.3d 1004, 1006 (5th Cir. 2019) (quoting *Oneida Indian Nation of N.Y. State v. Oneida County, New York,* 414 U.S. 661, 666 (1974)).

A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusions.'" *Denton v. Hernandez,* 50 U.S. 25, 33 (1992) (citing *Neitzke v. Williams,* 490 U.S. 319, 325) (1989)). A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998); *El-Bey v. Hagerman,* No. 19-1037, 2020 WL 1236541, at *2 (N.D. Tex. March 13, 2020) (holding: "A complaint is frivolous when it lacks an arguable basis either in law or in fact."). (internal quotations omitted).

A court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as ture. *Johnson v. Atkins,* 999 F.2d 99, 100 (5h Cir. 1993). Nevertheless, "a *pro se* litigant is not exempt…from compliance with relevant rules of procedure and substantive law." *NCO Fin. Systems, Inc. v. Harper-Horsley,* No. 07-4247, 2008 WL 227843, at *3 (E.D. La. May 29, 2008). As such, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson,* 999 F.2d at 100 (citation omitted).

Additionally, "[a] liberal reading of plaintiff's pleading is the only special treatment afforded *pro se* plaintiffs by the courts." *Kiper v. Ascension Parish Sch. Bd.,* No. 14-313, 2015 WL 2451998, at *1 (M.D. L. May 21. 2015)(citations omitted). A "court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs." *Id.*

Finally, a *pro se* litigant Is not entitled to greater rights than would be a litigant represented by a lawyer." *NCO Find. Systems,* 2008 WL 2227843, at *3 (citations omitted).

To start, Plaintiff's Amended Complaint is essentially a copy and paste of complaints filed by *pro se* plaintiffs across the country, including in this district. Particularly, Plaintiff's Amended Complaint is almost verbatim the same as the complaint filed in *Berry v. LoanCity,* No. CV 18-888-JWD-RLB, 2019 WL 4455998, at *1 (M.D. La. Aug. 30, 2019). There, this Court held that the plaintiff's allegations fail to set forth a legally cognizable claim. *Id.* Because Plaintiff seeks the same relief,[2] based on the same set of facts (the only difference being the parties and the address of the subject property) and allegations, the Court reiterates (as more thoroughly discussed below) the prior decision of this Court. *Id.*

### A.  Lack of Standing/Wrongful Foreclosure

In his first cause of action, Plaintiff claims that Defendants "do not have an equitable right to foreclose on the Property because Defendants…failed to perfect any security interest" in the Property. (R. Doc. 3 at 16). He further claims that MERS cannot be a real party in interest in a securitized mortgage because, pursuant to its corporate charter, it cannot foreclose on a mortgage or own/transfer an interest in a securitized mortgage. (R. Doc. 3 at 16). Additionally, "MERS lacked authority as mere nominee beneficiary to assign Plaintiff's Deed of Trust, making any assignment from MERS defective." (R. Doc. 3 at 17). As such, "MERS Assignment of the Deed of Trust…to GNMA 2016-116 Trust…[is] void as a matter of law." (R. Doc. 3 at 13).

To the extent that Plaintiff seeks to assert a wrongful foreclosure claim, Plaintiff fails to allege any set of facts that lend to a claim for same. "Although there is no statutory cause of action in Louisiana for wrongful seizure, damages for a wrongful seizure of property have long

---

[2] Unlike *Berry,* Plaintiff does not assert the following cause of action: unconscionable contract, breach of fiduciary duty, and slander of title. The allegations that are asserted in the causes of action that Plaintiff does claim, however, are verbatim to the corresponding causes of action in *Berry.*

been available under Louisiana's tort law." *Bombet v. Donovan,* No. 13-118, 2015 WL 65255, at *8 (M.D. La. Jan. 5, 2015). However, "[b]ecause liability is tied to the act of unlawfully seizing another's property, the cause of action arises the moment of the seizure." *Id.* (citing *Mariche v. Wells Fargo Bank, N.A.,* No. 11-1191, 2012 WL 1057626, at *3 (E.D. La. March 28, 2012).

Here, Plaintiff fails to state a cognizable claim for wrongful seizure because Plaintiff does not allege that there has been any seizure of the Property. Nevertheless, Plaintiff's wrongful foreclosure action appears to be prospective in nature as Plaintiff seemingly attempts to prevent the foreclosure of the Property on the basis that Defendants lacks standing.

Plaintiff's claim is predicated on the theory that because the Deed of Trust was improperly securitized and/or pooled, Defendants have "failed to perfect any security interest in the" Property. Likewise, any assignment of the Deed of Trust is invalid—particularly, with respect to assignments by MERS—and all Defendants lack standing to foreclose on the Property.

First, the Fifth Circuit "has expressly recognized that MERS may assign a deed of trust to a third party and that such assignments confer the new assignee standing to non-judicially foreclose on property associated with that particular deed of trust." *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424-25 (5th Cir. 2014) (citing *Martins,* 722 F.3d at 253-55).

Moreover, theories of securitization and lack of standing have been resoundingly rejected by federal courts across the country as meritless. *See, e.g., Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 255 (5th Cir. 2013) (discussing and rejecting the theory that a mortgage was allegedly "split" from the note through securitization, rendering the note unenforceable); *Marban v. PNC Mortg.,* No. 3:12-cv-3952-M, 2013 WL 3356285, at *10 (N.D. Tex. July 3, 2013) (finding meritless the theory that any securitization of the loan rendered the note and accompanying deed of trust unenforceable and discharged a borrower's obligations under them); *Beebe v. Fed. Nat. Mortg. Ass'n,* No. 2:13–cv–311–JCM–GWF, 2013 WL 3109787, at *2 (D. Nev. June 18, 2013)

("[t]he securitization argument has been repeatedly rejected ... because it does not alter or change the legal beneficiary's standing to enforce the deed of trust"); *Henkels v. J.P. Morgan Chase*, No. CV 11–0299–PHX–JAT, 2011 WL 2357874, at *7 (D. Ariz. June 14, 2011) (rejecting claim "that securitization has had any impact on [plaintiff's] obligations under the loan" and noting that numerous courts have rejected similar claims).

Accordingly, the Court finds that Plaintiff fails to state a viable claim for "lack of standing/wrongful foreclosure."

**B.    Breach of Contract**

In his second cause of action, Plaintiff alleges that, "[p]ursuant to paragraph 23" of the mortgage, Platinum Mortgage, Inc. and MERS "was obligated to satisfy, release and convey the beneficial security interest in Plaintiff's pledged Deed of Trust upon payment of all sums." (R. Doc. 3 at 18). According to Plaintiff, "Platinum Mortgage, Inc. was paid in full for their Accommodate capacity to the […] Note and Deed of Trust when it sold and relinquished is interest in Plaintiff's [Property] to [the unidentified] Depositor." (R. Doc. 3 at 18). Platinum Mortgage, however, "failed to satisfy, release, and reconvey the security interest, thus breaching the terms of paragraph 23 of the Deed of Trust." (R. Doc. 3 at 19).

To establish a breach of contract claim under Louisiana law, Plaintiff must plead facts showing that: (1) the obligor undertook an obligation to perform; (2) the obligor failed to perform the obligation; and (3) the failure to perform this obligation resulted in damages to the plaintiff. *Denham Homes, L.L.C. v. Teche Fed. Bank*, 2014-1576 (La. App. 1 Cir. 9/18/15), 182 So. 3d 108, 119).

After review of the mortgage attached to Plaintiff's Amended Complaint, the Court does not find that "paragraph 23" of the mortgage obligates Platinum Mortgage, Inc. or MERS to "satisfy, release and convey the beneficial security interest in Plaintiff's pledged Deed of Trust

upon payment of all sums." (R. Doc. 3 at 18). Nor has Plaintiff shown that he has, indeed, paid all sums due under the mortgage—thus, triggering the purported obligation. Accordingly, Plaintiff fails to state a claim for breach of contract.

### C. Quiet Title

Plaintiff's third cause of action is for "quiet title." Particularly, Plaintiff alleges that "all Defendants…claim some estate, right, title, lien or interest in or to the [P]roperty adverse to Plaintiff's title, and these claims constitute a cloud on Plaintiff's title to the" Property. (R. Doc. 3 at 19).

Generally, [a]n action to remove a cloud from title or to quiet title may be used by a person claiming ownership of immovable property or of a real right against another who has recorded an instrument which operates as cloud on his title." *Spencer v. James,* 955 So. 2d 1287, 1292 (La. App. 2d Cir 2007). "The requirements of the action to quiet title are: 1. Claim of ownership; 2. Existence of clouds; 3. Description of property; and 4. Prayer for cancellation of the clouds." *Harrison v. Alombro,* 341 So. 2d 11625 (La. App. 1st Cir. 1976). All four requirements must be met. *Spencer,* 955 So. 2d at 1293 (citations omitted).

Here, Plaintiff fails to provide sufficient facts to allege the existence of clouds. "Generally, a cloud on title is produced by an invalid instrument or voidable conveyance that is associated with the title, and [i]t is enough that the invalidity does not appear upon [the instruments] face." *Jonalkar v. Wells Fargo Mortg., Inc.,* 2012 WL 5364246, at *2. (internal quotations and citations omitted). "Furthermore, a cloud on title may exist when the title is unmerchantable or suggestive of litigation and 'questionable' as to whether there is a clear title." *Parket v. Machen,* 567 So. 2d 739, 743 (La. App. 2d Cir. 1990).

As stated above, Plaintiff's claims stem from the contention that his mortgage was improperly securitized and/or pooled, making any subsequent assignment invalid. Therefore,

"none of the Defendants in this case hold a perfected and secured claim in the…Property." (R. Doc. 3 at 19). This Court, however, has held that "theories of securitization, 'splitting the note,' and lack of standing are not sufficient factual allegations to support a 'cloud on title.'" *Jonalkar*, 2012 WL 5364246, at *2. These allegations do not "establish a plausible claim…because Plaintiff[] conclusively state[s] Defendants lack standing only because there was an assignment of mortgage to subsequent entities." *Id.* Accordingly, Plaintiff fails to state a cognizable claim for quiet title.

        **D.**       **Temporary Restraining Order and for Injunctive Relief**

Plaintiff petitions the Court to enjoin Defendants from foreclosing on the Property. (R. Doc. 3 at 20). Plaintiff, however, fails to state a viable claim—chiefly because Plaintiff cannot show a substantial likelihood of success on the merits.

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Green,* 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). At all times, the burden of persuasion remains with the plaintiff as to each of the four elements. Specifically, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 361 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

Because the Court has already disposed of all the other claims, Plaintiff cannot show any likelihood of success on the merits, much less a substantial one. Further, because Plaintiff failed to meet his burden regarding the first listed element, the Court need not address the remaining elements. Therefore, Plaintiff has failed to state a viable claim for injunctive relief.

### E.    Declaratory Relief

Plaintiff's final claim, similar to his "lack of standing/wrongful foreclosure" and "quiet title" claims, seeks to "quiet title" and "seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone and that the Defendants be declared to have no interest estate, right, title, or interest in the subject property and that the Defendants, their agents and assigns, be forever enjoined form asserting any estate, right title or interest in the Subject Property subject to Plaintiff's rights." (R. Doc. 3 at 20-21).

A request for a declaratory judgment need not be permitted if it adds nothing to the suit. *See Pan–Islamic Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980). Here, the declarations sought by Plaintiff rely on the same arguments that the Court has already considered and rejected. Plaintiff seeks the same relief through declaratory judgment that he did through his other claims— namely, that the Court invalidate the assignment of the mortgage and find that Plaintiff holds title to the Property. Accordingly, for the same reasons stated above, Plaintiff's claim for declaratory relief is non-cognizable. *Id.* (explaining that a request for a declaratory judgment need not be permitted if it adds nothing to the suit).

### F.    Leave to amend is not warranted and dismissal with prejudice is appropriate

The Fifth Circuit encourages trial courts to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Therefore, courts typically allow *pro se* plaintiffs leave to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch,*

*Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004). Where, however, a claim is frivolous or the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed. *See Jones,* at 327.

Additionally, a plaintiff should not be granted leave to amend "where a proposed amendment would be a futile act." *SB Int'l, Inc. v. Jindal*, Civ. A. No. 3:06-CV-1174-G, 2007 WL 2410007, at *3 (N.D. Tex. Aug. 23, 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court." *Whiddon v. Chase Home Finance, LLC*, 666 F.Supp.2d 681, 693 (E.D.Tex.2009).

Here, Plaintiff has presented his best case. Particularly, Plaintiff has filed various documents, including affidavits and oaths, to support his causes of action. These documents in addition to Plaintiff's complaint, however, fail to state a claim for non-frivolous relief. Therefore, it is a proper exercise of discretion to deny Plaintiff another chance to amend her pleadings.

**III.   Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that Civil Action No. 23-179 and Miscellaneous Case No. 23-mc-54 be **DISMISSED WITH PREJUDICE** as frivolous.

**IT IS FURTHER RECOMMENDED** that the pending motions (R. Doc. 3 and R. Doc. 7) be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on September 28, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**